James R. Tenero (SBN CA 201023)
jtenero@selmanlaw.com
Debra B. Branse (SBN CA 175771)
dbreanse@selmanlaw.com
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone: 415.979.0400
Facsimile: 415.979.2099

Sheryl W. Leichenger (SBN CA 161688)
sleichenger@selmanlaw.com
SELMAN BREITMAN LLP
11766 Wilshire Blvd., Sixth Floor
Los Angeles, CA 90025-6538
Telephone: 310.445.0800
Facsimile: 310.473.2525

Attorneys for Plaintiff Everest National Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| EVEREST NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SHIFTPIXY, INC.,<br><br>Defendant. | Case No. 8:20-cv-2362<br><br>COMPLAINT FOR:<br><br>(1) BREACH OF CONTRACT;<br>(2) ANTICIPATORY BREACH OF CONTRACT;<br>(3) ACCOUNTING; AND<br>(4) DECLARATORY RELIEF<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Everest National Insurance Company ("Everest National") complains of the defendant as follows:

## INTRODUCTION AND NATURE OF THE DISPUTE

1. This case concerns a breach of contract for failure to pay insurance premium owed to Everest National by defendant ShiftPixy, Inc. ("ShiftPixy").

1

Everest National issued Workers Compensation and Employers Liability Insurance Policy No. RM1WC00004171 effective July 1, 2017 to July 1, 2018, to ShiftPixy (the "WC Policy").

2. As is common in the industry, Everest National collected an estimated premium for the WC Policy from ShiftPixy with an agreement that the estimated premium for the WC Policy will be retrospectively adjusted based on a number of factors, including actual payroll and loss run figures. The retrospective premium adjustment could result in a credit or deficiency of premium meaning that the insured might be entitled to a refund or might be required to pay additional premium. If the retrospective premium adjustment result is a lower premium than estimated, the insured is entitled to a refund of unearned premium. If, as is the case here, the retrospective premium adjustment results in a higher actual premium that exceeds the estimated premium, the insured must pay the premium owed to the insurer.

3. In this case, ShiftPixy owes retrospective premium to Everest National. In accordance with the terms of the WC Policy, on or about May 19, 2020, Everest National issued a premium invoice totaling $585,449.26 owed by ShiftPixy. Despite having received this invoice and other demands for payment made by Everest National, ShiftPixy has failed to pay the outstanding premium to Everest National.

## THE PARTIES

4. At all times hereinafter mentioned, plaintiff Everest National was, and still is, an insurance company organized under the laws of the State of Delaware, with its principal place of business located in Liberty Corner, New Jersey.

5. Plaintiff is informed and believes, and thereon alleges, that defendant ShiftPixy is, and at all relevant times was, a corporation existing under the laws of the State of Wyoming, with its principal place of business located in Irvine, California.

/ / /

/ / /

3062 49509 4821-6226-4532 .v2

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000. Specifically, plaintiff Everest National is a citizen of Delaware and New Jersey and defendant ShiftPixy is a citizen of Wyoming and California. The Court also has jurisdiction to declare the rights of the parties pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Venue is proper in this district because: (1) the WC Policy was entered into and delivered to ShiftPixy at its offices located in the Central District of California; and (2) defendant's wrongful acts complained of herein occurred, arose and/or took place in the Central District of California.

## GENERAL ALLEGATIONS

7. Defendant ShiftPixy is a publicly traded corporation trading under the ticker symbol "PIXY" on the NASDAQ stock exchange. Everest National is informed and believes that ShiftPixy provides staffing and other employment related services to its customers.

8. Everest National has fulfilled its obligation to provide insurance coverage on behalf of ShiftPixy. However, ShiftPixy has breached its obligation to pay premium it owes to Everest National.

9. The WC Policy states, in relevant part, as follows:

**PART FIVE – PREMIUM**

\*\*\*

**D.     Premium Payments**

You will pay all premium when due. You will pay the premium even if part or all of a workers compensation law is not valid. The due date for audit and retrospective premiums is the date of the billing.

E.   **Final Premium**

The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you. The final premium will not be less than the highest minimum premium for the classifications covered by this policy.

10.   The WC Policy also contains the Retrospective Premium Endorsement One Year Plan (WC 00 05 03 A and WC 00 05 03 C), which details the rating plan and how the retrospective premium will be determined. The endorsement states, in relevant part, as follows:

C.   **Retrospective Premium Formula**

Insurance policies listed in the Schedule will be combined with this policy to calculate the retrospective premium. If the policies provide insurance for more than one insured, the retrospective premium will be determined for all insureds combined, not separately for each insured.

1.   Retrospective premium is the sum of basic premium, converted losses, and taxes, plus the excess loss premium and retrospective development premium elective elements if you chose them.

2.   The retrospective premium will not be less than the minimum nor more than the maximum retrospective

premium. The minimum and maximum retrospective premiums are determined by applying the minimum and maximum factors shown in the Schedule to the standard premium.

    3.    If this endorsement applies to more than one policy or state, the standard premium will be the sum of the standard premiums for each policy and state.

D.    **Premium Calculations and Payments**

    1.    We will calculate the retrospective premium using all loss information we have as of a date six months after the rating plan period ends and annually thereafter. We will have the calculation verified by the appropriate rate service organization at your request. We may make a special valuation of the retrospective premium as of any date that you are declared bankrupt or insolvent, make an assignment for the benefit of creditors, are involved in reorganization, receivership, or liquidation, or dispose of all your interest in work covered by the insurance. You will pay the amount due us if the retrospective premium is more than the total standard premium as of the special valuation date.

    2.    After a calculation of retrospective premium, you and we may agree that it is the final calculation. No other calculation will be made unless there is clerical error in the final calculation.

    3.    After each calculation of retrospective premium, you will pay promptly the amount due us, or we will refund the amount due you. Each insured is responsible for the

payment of all standard premium and retrospective premium calculated under this endorsement.

11. On April 1, 2019, in accordance with the terms of the WC Policy, Everest National generated a Program Adjustment Invoice with accompanying Premium Adjustment Notices. Based on the agreed-upon rating calculations, Everest National determined that $1,223,060 in return premium was owed to ShiftPixy. On or around May 3, 2019, Everest National issued payment of this amount to ShiftPixy. At no time prior to or after the refund credit was issued did ShiftPixy question the validity of Everest National's retrospective premium calculation or basis for the credit.

12. On May 19, 2020, Everest National issued a Premium Invoice for the second retrospective premium adjustment. The second retrospective premium adjustment resulted in a deficiency of premium totaling $585,449.26. Everest National sent an invoice to ShiftPixy for the amount owed and, despite repeated follow up requests from Everest National and its own insurance broker, ShiftPixy has failed to pay the amount owed to Everest National.

13. Pursuant to the terms of the WC Policy, additional retrospective premium adjustments are expected that will result in additional premium deficiencies owed by ShiftPixy to Everest National. Given its refusal to pay what is currently owed, Everest National is informed, believes and anticipates that ShiftPixy will continue to shirk its obligation to pay premiums it is obligated to pay under the terms of the WC Policy when the next retrospective premium adjustment bill is due.

## FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT
### (Against ShiftPixy)

14. Paragraphs 1 through 13 are incorporated by reference as though fully set forth herein.

15. As set forth above, Everest National and ShiftPixy entered into written

contracts of insurance pursuant to which Everest National was to provide insurance coverage for the benefit of ShiftPixy in exchange for the defendant's payment of premiums.

16. From July 1, 2017, and continuing thereafter, ShiftPixy has received the benefit of the WC Policy. Everest National has performed all conditions, covenants, and promises required to be performed on its part under the WC Policy. However, ShiftPixy has failed to satisfy its obligations under the WC Policy by failing and refusing to pay the premiums due and owed to Everest National.

17. Accordingly, ShiftPixy breached the contract by failing to remit monies due and owing Everest National as required by the terms of the WC Policy.

18. As a result of defendant's breach of the contract, plaintiff has been damaged in the sum of $585,449.26, excluding interest, attorneys' fees, loss of use of said funds, and costs of litigation.

## SECOND CAUSE OF ACTION
## FOR ANTICIPATORY BREACH OF CONTRACT
**(Against ShiftPixy)**

19. Paragraphs 1 through 13 are incorporated by reference as though fully set forth herein.

20. As set forth above, Everest National and ShiftPixy entered into a bilateral written contract, the WC Policy. Everest National has performed all conditions, covenants, and promises required to be performed on its part under the WC Policy and Everest National is able and willing to continue performing its obligation to provide worker's compensation insurance to ShiftPixy under the terms of the WC Policy.

21. Everest National is informed and believes that additional retrospective premium adjustments are expected that will result in additional premium deficiencies owed by ShiftPixy to Everest National. ShiftPixy has already breached the WC Policy by refusing to pay the premium currently due. Through its conduct,

ShiftPixy has repudiated its obligation to pay the expected additional retrospective premium it will owe to Everest National.

22. ShiftPixy's repudiation and anticipated refusal to pay additional retrospective premium adjustments constitute an anticipated breach of the WC Policy.

23. As a result of defendant's anticipatory breach of the contract, plaintiff has been damaged in the sum to be determined by trial.

## THIRD CAUSE OF ACTION
## FOR ACCOUNTING
### (Against ShiftPixy)

24. Plaintiff incorporates paragraphs 1 through 13 above by reference as though fully set forth herein.

25. As set forth above, Everest National and ShiftPixy entered into written contracts of insurance pursuant to which Everest National was to provide insurance coverage for the benefit of ShiftPixy in exchange for the defendant's payment of premiums.

26. From July 1, 2017, and continuing thereafter, ShiftPixy has received the benefit of the WC Policy.

27. Pursuant to the terms of the WC Policy, ShiftPixy is obligated to pay Everest National a premium deficiency totaling $585,449.26. Everest National has previously demanded payment from ShiftPixy for the amounts owed. To date, ShiftPixy has refused to tender payment to Everest National, or any part thereof, or to acknowledge its obligation under the WC Policy. To the extent ShiftPixy disputes this obligation, or any part thereof, an accounting is appropriate and necessary.

## FOURTH CAUSE OF ACTION
## FOR DECLARATORY RELIEF
### (Against ShiftPixy)

28. Plaintiff incorporates paragraphs 1 through 13 above by reference as

though fully set forth herein.

29. An actual controversy exists between Everest National and ShiftPixy concerning ShiftPixy's obligation to pay premiums to Everest National pursuant to the WC Policy. Everest National contends the outstanding balance is at least $585,449.26, while, by its failure to pay or acknowledge its obligation to do so, ShiftPixy implicitly contends that it is not obligated to pay this outstanding balance or any portion thereof.

30. Declaratory relief will resolve some or all of the disputes and controversies between plaintiff and defendant. Such a declaration is necessary and proper at this time in order to determine the respective rights and obligations of the parties. This request for declaratory relief is necessary and appropriate as plaintiff has no other adequate or speedy remedy at law to resolve this controversy.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1. For compensatory damages against defendant ShiftPixy in a sum to be determined at trial;

2. For an accounting between plaintiff Everest National against defendant ShiftPixy;

3. That the Court render a declaratory judgment as to the respective rights and obligations of the parties under the WC Policy issued by Everest National to ShiftPixy;

4. For interest at the legal rate as to defendant;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

/ / /

/ / /

/ / /

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this matter.

DATED: December 16, 2020        SELMAN BREITMAN LLP

By: _/s/ James R. Tenero_
JAMES R. TENERO
DEBRA B. BRANSE
SHERYL W. LEICHENGER
Attorneys for Plaintiff Everest National Insurance Company