JAMES R. TENERO (SBN 201023)
WENDY M. SCHENK (SBN 177397)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone : 415.979.0400
Facsimile : 415.979.2099
Email : jtenero@selmanlaw.com
wschenk@selmanlaw.com

SHERYL W. LEICHENGER (SBN 161688)
SELMAN BREITMAN LLP
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025-6538
Telephone : 310.445.0822
Facsimile : 310.473.2525
Email : sleichenger@selmanlaw.com

Attorneys for Plaintiff
EVEREST NATIONAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| EVEREST NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SHIFTPIXY, INC,<br><br>Defendant. | Case No. 8:20-cv-02362-CJC-KES<br><br>ORDER RE STIPULATION FOR ENTRY OF PROTECTIVE ORDER |
| SHIFTPIXY, INC,<br><br>Cross-Claimant,<br><br>v.<br><br>GALLAGHER BASSETT SERVICES, and DOES 1 through 10, inclusive<br><br>Counter-Defendants. | |

In the interest of ensuring an efficient and prompt resolution of this action and of protecting confidential information from improper disclosure, the undersigned hereby stipulates, subject to approval and entry by the Court, to the following Protective Order issued pursuant to Fed. R. Civ. P. 26(c):

## I. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that the Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

The parties further acknowledge, as set forth in Sections XIII and XV, below, that the Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, **workers compensation claims files and documents related to workers compensation claims, which may include personally identifiable information**

3062 49509 4833-1071-3060 .v2

**concerning workers compensation claimants, and medical and other information protected from disclosure pursuant to HIPAA and other laws. Such confidential information may also include** confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**III.  DEFINITIONS**

As used herein:

a. "Party" shall mean any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

b. "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information or items under this Order.

c. "This action" means the above-captioned action pending in this Court,

3

including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

     d.    "Disclosure" or "Discovery Material" shall mean any and all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

     e.    "Confidential Information" or "Confidential Items" shall mean information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rules of Civil Procedure Section 26(c).

     f.    "Receiving Party" shall mean a party that receives disclosure or disclosure material from the Producing Party.

     g.    "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

     h.    "Protected Material" shall mean any Disclosure or Discovery Material that is designated as "Confidential."

     i.    "Outside Counsel of Record" shall mean attorneys who are not employees of a Party but who are retained to represent or advise a Party as well as their support staffs.

     j.    "House Counsel" shall mean attorneys who are employees of the Parties as well as their support staffs.

     k.    "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by either Party or a Party's counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

l. "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

m. "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

## IV. SCOPE

The protections conferred by the Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by a Party or its counsel to or in court or in other settings that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

## V. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or a court order otherwise directs.

## VI. DESIGNATING PROTECTED MATERIAL

a. Exercise of Restraint and Care in Designating Material for Protection. The Producing Party will designate information or items for protection under this Order and will limit any such designation to specific material that qualifies under the appropriate standards. The Producing Party will designate, for protection only, those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

b. Mass, indiscriminate, or routinized designations are prohibited.

3062 49509 4833-1071-3060 .v2

Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Producing Party to sanctions.

  c. If it comes to the Producing Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, the Producing Party must promptly notify the Receiving Parties that it is withdrawing the mistaken designation.

  d. Manner and Timing of Designations. Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualify for protection under this Order must be clearly designated before the material is disclosed, copied and produced. The Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Before producing the specified documents, the Producing Party must affix "Confidential" or "Confidential/Privilege" at the bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted "Confidential" or "Confidential/Privilege".

  e. For information produced in some form other than documentary, and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers, in which the information or item is stored the term "Confidential" or "Confidential/privilege". If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or "Confidential/Privilege".

  f. Inadvertent Failures to Designate. If timely corrected, an inadvertent

6
Stipulation For Entry Of Protective Order – Case No. 8:20-cv-02362-CJC-KES

failure to designate qualified information or items as "Confidential" or "confidential/Privilege" does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Confidential/Privilege" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

a. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by the Disclosing Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, the Receiving Party must comply with the provisions of Section 12, below (FINAL DISPOSITION).

b. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

## VIII. DISCLOSURE OF "CONFIDENTIAL" INFORMATION OR ITEMS

a. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, the Receiving Party may only disclose any information or item designated "confidential" or "Confidential/Privilege" to:

b. The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this;

c. The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

d. Experts (as defined in this Order) of the Receiving Party to whom

7

disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  e. The Court and its personnel;

  f. Court reporters, their staffs, and professional vendors to whom the disclosure is reasonably necessary for this;

  g. During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

  i. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions, provided: (i) the mediator or settlement officer, and their supporting personnel sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.

## IX.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

  a. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Confidential/Privilege" the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving

the subpoena or order. Such notification must include a copy of the subpoena or court order.

      b.     The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

      c.     The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## X.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

      a.     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

/ / /

/ / /

/ / /

/ / /

/ / /

9

Stipulation For Entry Of Protective Order – Case No. 8:20-cv-02362-CJC-KES

b. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2. Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3. Make the information requested available for inspection by the Non-Party, if requested.

c. If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

### XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

a. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

    1. Notify in writing the Designating Party of the unauthorized disclosures;

2. Use its best efforts to retrieve all copies of the Protected Material

3. Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

4. Request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

a. Timing of Challenges

1. Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

b. Meet and Confer

1. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

c. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## XIII. FILING PROTECTED MATERIAL

a. For Protected Materials that will be included in public records, the parties will meet and confer in good faith regarding the use of redacted versions of those documents. Should agreement not be reached, the Parties may avail themselves of the process and procedure set forth in Local Civil Rule 79-5. The

11

fact that the parties have designated a document confidential or stipulated to its being filed under seal is insufficient to justify under-seal filing. All documents that any party seeks to file underseal must be accompanied by a sealing application showing why there is "good cause" or "compelling reasons" to file the document under seal.

## XIV. **FINAL DISPOSITION.**

a. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must destroy all copies of Protected Material made available by the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material shall remain subject to this Protective Order as set forth in Section VII(b).

## XV. **MISCELLANEOUS**

a. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

b. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to

12
Stipulation For Entry Of Protective Order – Case No. 8:20-cv-02362-CJC-KES

3062 49509 4833-1071-3060 .v2

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

  c. <u>Filing Protected Material:</u>

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 6, 2021    SELMAN BREITMAN

By: */s/Wendy M. Schenk*
  SHERYL W. LEICHENGER
  JAMES R. TENERO
  WENDY M. SCHENK
  Attorneys for Plaintiff EVEREST NATIONAL INSURANCE COMPANY

DATED: May 6, 2021    ROXBOROUGH, POMERANCE, NYE & ADREANI

By: */s/Vincent S. Gannuscio*
  NICHOLAS P. ROXBOROUGH
  JOSEPH C. GJONOLA
  VINCENT S. GANNUSCIO
  Attorneys for Defendant SHIFTPIXY, INC.

IT IS SO ORDERED.

DATED: May 10, 2021

*Karen E. Scott*
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation For Entry Of Protective Order: Confidential Information filed on May 6, 2021, in *Everest National Insurance Company v. ShiftPixy, Inc.,* United States District Court, Central District-Southern Division ("**Order**"). I have been given a copy of that Order and read it.

I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information, including copies, notes, or other transcription made therefrom, to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the Arbitrator for the purpose of enforcing the Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this ___ day of _____, 2021, at _____, California.

By: _____

Address:_____

Phone: _____