James R. Tenero (SBN CA 201023)
Wendy M. Schenk (SBN CA 177397)
SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone: 415.979.0400
Facsimile: 415.979.2099
Email: jtenero@selmanlaw.com
wschenk@selmanlaw.com

Sheryl W. Leichenger (SBN CA 161688)
SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP
11766 Wilshire Blvd., Sixth Floor
Los Angeles, CA 90025-6538
Telephone: 310.445.0800
Facsimile: 310.473.2525
Email: sleichenger@selmanlaw.com

Attorneys for Plaintiff/Counterdefendant
Everest National Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DISTRICT

| | |
|---|---|
| EVEREST NATIONAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>SHIFTPIXY, INC.,<br><br>    Defendant.<br><br>SHIFTPIXY, INC.<br><br>    Counterclaimant,<br><br>  v.<br><br>EVEREST NATIONAL INSURANCE COMPANY,<br><br>    Counterdefendant. | Case No. 8:20-cv-02362-HDV-KES<br><br>JOINT STIPULATION FOR ENTRY OF JUDGMENT |

This stipulation is entered into by and between Plaintiff/Counterdefendant, Everest National Insurance Company ("Everest National"), and Defendant/Counterclaimant, ShiftPixy, Inc. ("ShiftPixy"), (collectively the "Parties"), by and through their counsel of record.

## RECITALS

The Parties stipulate and agree with respect to the following facts:

1. Everest National issued workers' compensation insurance policy number RM1WC00004171 (effective July 1, 2017 to July 1, 2018) to ShiftPixy (the "Everest National WC Policy").

2. Everest National provided, and continues to provide, insurance coverage for ShiftPixy for workers' compensation claims submitted under the Everest National WC Policy.

3. A dispute arose between the Parties regarding the amount of retrospective insurance premiums owed by ShiftPixy to Everest National under the Everest National WC Policy.

4. On May 19, 2020, Everest National issued a Premium Invoice to ShiftPixy requesting payment of retrospective insurance premiums totaling $585,449.26.

5. ShiftPixy has not paid Everest National's May 19, 2020 Premium Invoice.

6. On or around December 16, 2020, Everest National filed a Complaint in the above-captioned action, wherein Everest National alleges that ShiftPixy breached its obligation to pay retrospective insurance premiums owed to Everest National. Everest National further alleges that, given ShiftPixy's refusal to pay the retrospective premiums owed, Everest National is informed, believes, and anticipates that ShiftPixy will commit further breaches by failing to pay retrospective insurance premiums when future premium adjustment bills became due. ShiftPixy has filed an Answer and Affirmative Defenses disputing that it

2

Joint Stip. For Entry Of Judgment - Case No. 8:20-cv-02362-HDV-KES

3062 49509 4863-0134-2295 .v8

owes money to Everest National, and has further filed a Counterclaim alleging that Everest National improperly handled ShiftPixy's workers' compensation claims, resulting in damages to ShiftPixy.  Everest National filed an Answer to ShiftPixy's Counterclaim denying the allegations therein an asserting Affirmative Defenses.

7. On March 19, 2021, Everest National issued a Premium Invoice to ShiftPixy requesting payment of retrospective insurance premiums totaling $1,138,485.00.  Since 2021, additional retrospective insurance premium has been calculated by Everest National further increasing the amount owed to Everest National by ShiftPixy.

8. ShiftPixy has not paid Everest National's March 19, 2021 invoice or any other amounts since that date.

9. On or around February 7, 2022, ShiftPixy filed a counterclaim against Everest National in the above-captioned matter, wherein ShiftPixy alleges Everest National's improper oversight of adjustment of claims under the Everest National WC Policy by Gallagher Bassett Service, Inc., ShiftPixy's Third-Party Claims Administrator, increased the retrospective premiums ShiftPixy owes Everest National.  Everest National has denied these allegations.

10. As of the time of this stipulation, Everest National alleges that ShiftPixy owes at least $1.3 million in retrospective insurance premiums under the Everest National WC Policy.   ShiftPixy disputes that it owes any money to Everest National.

**TERMS AND CONDITIONS**

The Parties have reached a settlement of their dispute.  In consideration of the mutual covenants and conditions set forth, the Parties hereto stipulate and agree to the following:

11. ShiftPixy and Everest National stipulate and agree that Everest National shall have judgment entered in its favor and against ShiftPixy in the sum of Eight Hundred Thousand Dollars ($800,000).  A copy of the proposed Judgment

3

Joint Stip. For Entry Of Judgment - Case No. 8:20-cv-02362-HDV-KES

3062 49509 4863-0134-2295 .v8

to be filed and entered in Everest National's favor is attached hereto as "**Exhibit A**" and is incorporated herein by reference. ShiftPixy and Everest National stipulate and agree that the stipulated judgment in the amount of Eight Hundred Thousand Dollars ($800,000) is a fair compromise of the dispute between them regarding the amount of retrospective insurance premiums owed to Everest National under the Everest National WC Policy.

12. ShiftPixy and Everest National stipulate and agree that the stipulated judgment entered in Everest National's favor and against ShiftPixy shall resolve all claims at issue in Everest National's Complaint and ShiftPixy's Counterclaim in the above-captioned action and shall be a final judgment in the above-captioned action.

13. ShiftPixy stipulates and agrees to waive any right to appeal from, or to directly or collaterally attack the stipulated judgment entered in Everest National's favor.

14. Everest National hereby covenants and agrees not to execute on said judgment against ShiftPixy, provided that there is no uncured default under the terms of the payment plan, as set forth in paragraph 15 below:

15. ShiftPixy agrees to make payments to Everest National pursuant to the terms and conditions of the Parties' settlement agreement and release.

16. Everest National and ShiftPixy stipulate and agree that time is of the essence with respect to ShiftPixy's payment obligations, and the failure by ShiftPixy to timely meet a payment obligation hereunder shall be a material default under this stipulation and agreement.

17. In the event of a default in payment of the obligation as set forth in paragraph 15 above, Everest National shall provide written notice of such default to ShiftPixy by sending a letter to ShiftPixy's counsel of record, Nicholas P. Roxborough, Esq. and Vincent S. Gannuscio at Roxborough, Pomerance, Nye & Adreani, LLP, notifying ShiftPixy of its default hereunder. ShiftPixy shall

4

Joint Stip. For Entry Of Judgment - Case No. 8:20-cv-02362-HDV-KES

3062 49509 4863-0134-2295 .v8

thereafter have 48 hours from the giving of such notice to cure any default in its payment obligations provided in paragraph 15 above.

18. In the event of an uncured default in payment by ShiftPixy according to the terms outlined in paragraph 15 above, Everest National shall be entitled to execute upon the stipulated judgment entered in its favor and against ShiftPixy in the amount of Eight Hundred Thousand Dollars ($800,000), subject to credit for sums actually paid by ShiftPixy to Everest National as of the time of ShiftPixy's uncured default.

19. In the event that the aggregate sum of Four Hundred Thousand Dollars ($400,000) has been paid to Everest National by ShiftPixy in accordance with paragraph 15 above, Everest National shall authorize its counsel of record to file a notice of satisfaction of the stipulated judgment entered in Everest National's favor and against ShiftPixy.

20. ShiftPixy stipulates and agrees to waive any right to appeal from, or to directly or collaterally attack the stipulated judgment entered in Everest National's favor.

21. Everest National and ShiftPixy stipulate and agree that the above-mentioned Court shall retain jurisdiction over any action to enforce this Stipulation for entry of Judgment and/or the stipulated judgment entered in Everest National's favor and against ShiftPixy.

22. The Parties stipulate and agree that this stipulation may be signed in counter-parts.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS SO STIPULATED.

DATED: July 11, 2023

SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP

By: */s/ Wendy M. Schenk*
    JAMES R. TENERO
    WENDY M. SCHENK
    SHERYL W. LEICHENGER
Attorneys for Plaintiff/Counterdefendant Everest National Insurance Company

DATED: July 11 , 2023

ROXBOROUGH, POMERANCE, NYE & ADREANI

By: */s/ Vincent S. Gannuscio*
    NICHOLAS P. ROXBOROUGH
    VINCENT S. GANNUSCIO
Attorneys for Defendant/Counterclaimant SHIFTPIXY, INC.

## ATTESTATION

In accordance with Rule 5 of the Federal Rules of Civil Procedure and Central District of California Local Rule 5-4.3.4, I hereby attest that concurrence in the filing of this document has been obtained from the other Signatory, which shall serve in lieu of his/her signature on the document.

DATED: July 11, 2023

SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP

By: */s/ Wendy M. Schenk*
　　WENDY M. SCHENK
　　Attorneys for
　　Plaintiff/Counterdefendant
　　Everest National Insurance Company

# EXHIBIT A

James R. Tenero    (SBN CA 201023)
Wendy M. Schenk (SBN CA 177397)
SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone: 415.979.0400
Facsimile: 415.979.2099
Email:           jtenero@selmanlaw.com
                 wschenk@selmanlaw.com

Sheryl W. Leichenger (SBN CA 161688)
SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP
11766 Wilshire Blvd., Sixth Floor
Los Angeles, CA 90025-6538
Telephone:       310.445.0800
Facsimile:       310.473.2525
Email:           sleichenger@selmanlaw.com

Attorneys for Plaintiff/Counterdefendant
Everest National Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DISTRICT

| | |
|---|---|
| EVEREST NATIONAL INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>SHIFTPIXY, INC.,<br><br>  Defendant. | Case No. 8:20-cv-02362-HDV-KES<br><br>[PROPOSED] ORDER FOR ENTRY OF STIPULATED JUDGMENT |
| SHIFTPIXY, INC.<br><br>  Counterclaimant,<br><br>  v.<br><br>EVEREST NATIONAL INSURANCE COMPANY,<br><br>  Counterdefendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

The Court, having read and considered the parties' Stipulation For Entry Of Judgment, and for good cause showing, hereby ORDERS as follows:

1. In accordance with the parties' Stipulation for Entry of Judgment, which is hereby incorporated by reference as if set forth in full, judgment in the amount of Eight Hundred Thousand Dollars ($800,000) is hereby entered in favor of Plaintiff/Counterdefendant, Everest National Insurance Company ("Everest National"), and against Defendant/Counterclaimant, ShiftPixy, Inc. ("ShiftPixy").

2. This stipulated judgment shall adjudicate all claims at issue in Everest National's Complaint and ShiftPixy's Counterclaim in the above-captioned action and shall be a final judgment entered in the above-captioned action.

3. This Court shall retain jurisdiction to enforce the terms of the stipulated judgment.

**IT IS SO ORDERED.**

Dated: _____    By: _____
Honorable Hernán D. Vera
Judge of the United States District
Court for the Central District